UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **EDWARD MOSES JR** | **CASE NO. 6:21-CV-00450** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JOHN BEL EDWARDS ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

This is Mr. Moses's third case of which this Court is aware in a series of similarly bizarre cases which have been dismissed a frivolous. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Atakapa I") (dismissing Plaintiff's "exotic claims" as "obviously without merit" and frivolous); and *Atakapa Indian de Creole Nation v. Edwards*, 838 F. App'x 124 (5th Cir. 2021) ("Atakapa II") (describing the suit as "similarly implausible" and frivolous). The court's resources are again called upon to respond to Mr. Moses's spurious, frivolous, and wholly meritless claims.

Mr. Moses is a Louisiana licensed attorney. In *Atakapa I*, the Fifth Circuit described Plaintiff's claims as follows: "The plaintiff, a lawyer who styles himself both a monarch and a deity, brought claims on behalf of an Indian tribe alleging that the defendants have, among other misdeeds, monopolized 'intergalactic foreign trade.'" *Atakapa I*, at 1005. The court instructed that certain claims, including those

asserted therein, are subject to dismissal for lack of subject matter jurisdiction by virtue of their frivolousness and implausibility:

> Some claims are "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

*Atakapa I, at* 1006.

After citing numerous examples of Plaintiff's bizarre allegations,[1] the court dismissed Plaintiff's claims for lack of subject matter jurisdiction.

A little over a year later, the Fifth Circuit considered another such suit which Plaintiff filed in the Middle District Court of Louisiana against more than 150 defendants. He "invoked myriad federal laws and treaties yet makes no coherent argument as to why he is entitled to relief under any of them. The defendants include

---

[1] Examples include: 1) Plaintiff "refer[ed] to himself throughout under such titles as: 'His Majesty,' '[T]he Christian King de Orleans,' '[T]he God of the Earth Realm,' and the 'Trust Protector of the American Indian **Tribe of** [unrecognized symbol] **Moses**' (bold and Hebrew script in original)." 2) "[T]he Atakapa are being held in 'pupilage' by the United States and as 'wards" of Louisiana;' and 3) Plaintiff argued "that the defendants are attempting to 'monopoliz[e] ... domestic, international and intergalactic commercial markets.'"

2

corporations and local, national and international leaders, among others, but Plaintiff does not explain their connection to the allegations." *Atakapa II.*

Mr. Moses has now filed this third suit (of which the Court is aware). Referring to himself as "The Emperor of the American Empire majestically referred to as the Christian Emperor D'Orleans," he filed the instant suit in the 16th Judicial District Court of Louisiana, styled as an Emergency Petition for Writ of Quo Warranto against (now former) President Donald Trump and Governor John Bel Edwards. (Rec. Doc. 1-1). Though the allegations are, again, bizarre, Mr. Moses appears to seek an order that the United States does not have authority over "the historic Louisiana Empire, new Spain," and commanding President Biden and Governor Edwards to show by what authority they hold their respective offices. (Rec. Doc. 1-1, ¶1-6). The United States removed the matter on February 24, 2021. (Rec. Doc. 1). On the same day, prior to the United States having appeared in the state court proceedings, the state court conducted a hearing on the quo warranto and dismissed Plaintiff's claims against Governor Edwards on exceptions. (Rec. Doc. 4-2; Rec. Doc. 7-3, p. 42-44; Rec. Doc. 7-3, p. 72). As such, Governor Edwards is no longer a party to this matter.

After removal, Mr. Moses, referring to himself as "His Majesty," filed a Petition for Writ of Mandamus in this Court on March 18, 2021. (Rec. Doc. 4). He attached as an exhibit an order signed by a state court judge purporting to establish

3

a trust entitled, "TRIBE OF [indecipherable symbol] MOSES Express Spendthrift Trust, the Covenant of One Heaven (Exodus 24:7, 31:18, 34:10,27) and its corresponding attachments [which is] a foreign trust governed by the Law of Moses…" (Rec. Doc. 4-1). Mr. Moses apparently contends this document establishes him as "trust protector" with some sort of ecclesiastical power. (See e.g. Rec. Doc. 4-1, p. 4). The Court will not attempt to interpret these "trust" documents.

Further, relying upon YouTube videos, Mr. Moses contends the 2019 Louisiana gubernatorial election results were mis-calculated. (Rec. Doc. 4, p.11-12). To the extent Mr. Moses seeks to compel Governor Edwards to appear and substantiate his authority for serving as elected governor, the Court recommends that this claim be dismissed as having already been definitively ruled upon by the state court prior to removal. (Rec. Doc. 4-2; Rec. Doc. 7-3, p. 42-44; Rec. Doc. 7-3, p. 72).

Mr. Moses also seeks an order compelling the President of the United States to show by what authority he holds office. Mr. Moses lacks standing to assert such a claim, because quo warranto actions must be brought by the government. *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 502, 53 S. Ct. 721, 729, 77 L. Ed. 1331 (1933); *United States v. Machado*, 306 F. Supp. 995, 1000–01 (N.D. Cal. 1969), citing cases. Article III standing must be considered by the court *sua sponte* where necessary.

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.,* 301 F.3d 329, 332 (5th Cir. 2002).

Finally, the Court cautions Mr. Moses to consider his professional obligations under F.R.C.P. Rule 11 and Louisiana Rules of Professional Conduct Rule 3.1.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's claims be DISMISSED WITH PREJUDICE pursuant to *Atakapa I* and for lack of standing.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 31st day of March, 2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**